IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

In the matter of:  )
  )
ARDER M. CHONG  )  Chapter 13
PO BOX 465  )  Case No.        15-40789-EJC
WALTHOURVILLE, GA 31333  )
  )
             Debtor(s)  )

### OBJECTION TO CONFIRMATION BY CHAPTER 13 TRUSTEE

NOW COMES O. Byron Meredith III, Chapter 13 ("Trustee") in the above-styled case, and objects to confirmation of the proposed Chapter 13 Plan for reason(s) stated herein:

[ ] The Trustee objects to the following expense(s) of the debtor on the ground that the expense(s) is excessive and unnecessary for the maintenance or support of the debtor(s) in a composition chapter 13 plan:

EXPENSE                                   AMOUNT

[ ] The Trustee objects to retaining the following property on the ground that the property listed below is not necessary to the debtor's effective reorganization:

[ ] Debtor(s) testified at the meeting of creditors or Trustee has received notice from the IRS or the GA DOR that tax returns for the following year(s) have not been filed:

[ ] Debtor(s) is no longer employed and does not have a regular source of income to be eligible for Chapter 13 pursuant to 11 U. S. C. Section 109.

[ ] The Debtor has prevented the Trustee from complying with 11 U. S. C. Section 1302 by failing to respond to his request(s) for information.

[X] OTHER:

The Debtor has non-exempt equity (after deducting estimated costs of sale) in the following real estate located in Hinesville: (1) $16,352 in 304 Quail Run, (2) $10,369 in 102 Shallowford Circle, and (3) $14,248 in 422 Willow Oak Lane. The Trustee requests contribution to unsecured creditors of not less than $40,969.

The Debtor is above-median. Form 22-C indicates monthly disposable income of $4,301 requiring minimum dividend of $258,060 to general unsecureds or 100% of allowed claims, whichever is less.

The Debtor provided the first two pages of a 2014 joint tax return. The return shows the only income is business income of $2,605. No schedules were provided with the tax return. The Trustee requests schedules to the tax return. The case may not be feasible.

The Trustee requests copies of bank accounts showing receipt of rents on real property. The Debtor testified that the rents are collected by an individual named "Tony" and that she does not know exactly where they are deposited.

The Debtor testified that the property located at 812 Forest Street is "rented to family." Neither the rental income nor the mortgage expense are listed on the budget. The plan indicates the secured creditor, USAA Federal Savings Bank, is to be paid directly, with estimated pre-petition arrearage of $64,000 to be cured through plan payments. The Trustee requests an amended budget.

The Debtor's expenses include $700 for a loan incurred by her spouse and testified that the loan payments will be completed in June 2018. The Trustee requests a corresponding increase in Chapter 13 payments beginning July 2018.

The Trustee requests an amended petition to disclose that the Debtor is also known as Arder Mae Reip.

WHEREFORE, the Trustee moves the Court to inquire into the above objection(s), deny confirmation of the proposed plan, and for such additional relief as may be just and proper.

This 27 day of July, 2015.

s/ JEFF NARMORE, Bar # 412079

O. Byron Meredith III
Chapter 13 Trustee
Georgia Bar No. 002330

CERTIFICATE OF SERVICE

I the undersigned certify that a copy of this Objection to Confirmation by Chapter13 Trustee has been served upon the above-named debtor(s) and the parties listed below. Unless otherwise noted below, service was made by first-class mail, postage prepaid, this 27 day of July, 2015.

O. Byron Meredith III
Chapter 13 Trustee
Post Office Box 10556
Savannah, GA 31412
(912) 234-5052

JOHN E PYTTE
By Electronic Noticing